**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000597
30-AUG-2016
08:38 AM**

NO. CAAP-15-0000597

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JENNIFER MARIE CANNON, Plaintiff-Appellee,
v.
MAURICE ANTONIO CANNON, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 14-1-1517)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Ginoza, JJ.)

This appeal arises out of a dispute over the terms of a divorce decree that divided military retirement benefits. Defendant-Appellant Maurice Antonio Cannon (Husband) appeals from the "Decree Granting Divorce and Awarding Child Custody" (Divorce Decree) entered by the Family Court of the First Circuit (Family Court)[1] on July 27, 2015.[2]

At the time of the divorce proceedings, Husband was accruing military retirement benefits based on his service in the United States Marine Corps. Husband and Plaintiff-Appellee Jennifer Marie Cannon (Wife) reached an agreement regarding the division of their property, which included an award to Wife of

---

[1] The Honorable Gale L.F. Ching presided.

[2] Plaintiff-Appellee Jennifer Marie Cannon (Wife) obtained representation in this appeal through the Appellate Pro Bono Pilot Project and is represented on appeal by Daniel M. Gluck, Esq., in his individual capacity.

her martial share of Husband's retirement benefits pursuant to the "Linson formula." However, when Wife submitted the proposed divorce decree, Husband objected to the provision that defined "military retirement." Citing Mansell v. Mansell, 490 U.S. 581 (1989), Husband argued that disability payments to a service member "are not divisible disposable retired pay."[3/] The Family Court rejected Husband's objection and entered the Divorce Decree without changing the challenged provision.

On appeal, Husband contends that the Family Court erred in including military veterans' disability pay in its definition of military retirement. He also contends that the Family Court erred in dividing and awarding to Wife (1) veterans' disability benefits or (2) military retirement benefits that Husband may waive or forfeit in the future to receive such disability benefits, if he should become eligible for disability benefits. We affirm.

I.

In Mansell, the United States Supreme Court held that under the Uniformed Services Former Spouses' Protection Act, state courts may not treat military retirement pay waived by the retiree in order to receive veterans' disability benefits as property divisible upon divorce. Mansell, 490 U.S. at 583. In Mansell, the husband had already waived a portion of his military retirement pay in order to receive veterans' disability payments at the time of the divorce. Id. at 585-86. The state court, in dividing the parties' property, had ordered husband to pay wife a portion of the military retirement pay he had waived in order to receive disability payments. Id.

In Perez v. Perez, 107 Hawai'i 85, 110 P.3d 409 (App. 2005), the family court entered a divorce decree granting wife forty percent of husband's military retirement pay. Perez, 107 Hawai'i at 85-86, 110 P.3d at 409-10. The divorce decree also

---

[3/] The record does not indicate that Husband was disabled or entitled to receive military disability benefits when the Divorce Decree was entered.

2

required husband to reimburse wife if he voluntarily caused a reduction in his retirement pay and thereby deprived wife of the full benefit of her forty percent interest. Id. at 86, 110 P.3d at 410. After the divorce decree was entered, husband converted a portion of his retirement benefits into veterans' disability benefits, which reduced the amount of husband's retirement pay that wife was receiving. Id. at 87, 110 P.3d at 411. The family court granted wife's request to enforce the divorce decree and ordered husband to pay wife forty percent of what his military retirement benefits would have been had the amount not been reduced by the disability benefits. Id. at 88, 110 P.3d at 412.

On appeal, this court affirmed the family court's order and rejected husband's claim that the family court's order violated the law prohibiting courts from dividing military disability benefits in divorce cases. Id. at 88, 92, 110 P.3d at 412, 416. We noted that when the divorce decree was entered, "[husband] was not entitled to, and the family court did not divide, military disability benefits." Id. at 89, 110 P.3d at 413. In support of our decision, we quoted an extensive passage from In re Marriage of Nielsen, 792 N.E.2d 844 (Ill. App. Ct. 2003), which we found to be instructive. Id. at 90-92, 110 P.3d 414-16 (quoting Nielsen, 792 N.E.2d at 867-70).

Nielsen noted that a growing number of courts have found Mansell to be inapplicable and have enforced judgments requiring the military spouse to indemnify the nonmilitary spouse for any diminution in retirement pay caused by actions taken by the military spouse. Id. at 90, 110 P.3d at 414. These courts had reasoned that "because the military spouse is free to satisfy the indemnity obligation with assets other than the disability benefits, there is no division of disability benefits in contravention of Mansell." Id. (quoting Nielsen, 792 N.E.2d at 867). Nielsen also quoted with approval the Florida Supreme Court's holding that:

> while federal law prohibits the division of disability benefits, it does not prohibit spouses from entering into a

3

> property settlement agreement that awards the non-military spouse a set portion of the military spouse's retirement pay. Nor does it exclude indemnification provisions ensuring such payments, so long as veteran's disability payments are not the source of such payments.

Id. (quoting Nielsen, 792 N.E.2d at 867); see also Merrill v. Merrill, 284 P.3d 880, 884 n.2 (Ariz. Ct. App. 2012) ("A clear majority of the jurisdictions that have addressed the issue likewise allow relief to a former spouse whose share of military retirement benefits is reduced by the other spouse's post-decree waiver of retirement in favor of disability payments.")

II.

As in Perez, the Divorce Decree in this case did not divide military disability benefits. Contrary to Husband's claim, the provision defining military retirement to which he objected, Paragraph 8.D.(1)(w), does not divide military disability benefits. Based on Perez, we also reject Husband's contentions that the Divorce Decree improperly divided and awarded veterans' disability benefits or military retirement benefits that Husband may waive or forfeit in the future to receive such disability benefits. The Divorce Decree properly divided military retirement benefits that Husband had accrued during the marriage. We conclude that the arguments raised by Husband on appeal are without merit.[4]

---

[4] We note that to comply with Mansell, the military spouse "must be able to satisfy [his or her] obligation [in the divorce decree to pay a percentage of military retirement benefits to the other spouse] with a source of funds other than [the military spouse's] disability benefits." Nielsen, 792 N.E.2d at 849 (quoted in Perez, 107 Hawai'i at 92, 110 P.3d at 416). In this case, there is no indication that Husband had begun to receive retirement benefits or that he is eligible for disability payments. However, should Husband in the future waive a portion of his military retirement payments in order to receive military disability benefits, and should he be unable to reimburse or indemnify Wife for the resulting reduction in her payments with a source of funds other than his military disability benefits, Husband will be entitled to seek appropriate relief from the Family Court. We further note that although not challenged by Husband on appeal, the Divorce Decree cross-references "Paragraph 6" in Paragraph 8.D.(1)(n) and "Section 6" and "Section 16" in Paragraph 8.D.(1)(w). These cross-references do not appear to refer to the intended portions of the Divorce Decree, and the parties may wish to seek to correct these cross-references.

III.

Based on the foregoing, we affirm the Divorce Decree entered by the Family Court.

DATED: Honolulu, Hawai'i, August 30, 2016.

On the briefs:

Scot Stuart Brower
for Defendant-Appellant

Daniel M. Gluck
Appellate Pro Bono Pilot
   Project Attorney
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Lawrence M. Reifurth*
Associate Judge

*Lisa M. Ginoza*
Associate Judge